# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILSON DIVISION

IN RE:

**JOSEPH EDWARD PARKER,**

       Debtor.                                             Case No. 06-00350-8-JRL
                                                                                       Chapter 13

## ORDER

This matter is before the court on the debtor's motion to extend the automatic stay. On March 8, 2006, the court conducted a hearing in Wilson, North Carolina.

The debtor's Chapter 13 petition was filed on February 8, 2006. The debtor filed a previous Chapter 13 case that was dismissed on November 10, 2005. As the prior case was dismissed within one year of the filing of this case, the automatic stay will terminate, "with respect to any action taken with respect to a debt or property securing such debt" on the thirtieth day after the filing of the later case. See 11 U.S.C. § 362(c)(3)(A) (2006). Under § 362(c)(3)(C), the stay will not terminate if the debtor can rebut the presumption of bad faith by clear and convincing evidence. The debtor must show that there has been a "substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case." See 11 U.S.C. § 362(c)(3)(C)(i)(III).

The debtor asserts in this case that based on In re Paschal, the stay should not terminate because no "action" was taken against his debts or his property in the previous bankruptcy case. See Case No. 05-06133-5-ATS (Bankr. E.D.N.C. January 6, 2006). In Paschal, Judge Small found that the word, "action"

1

means a "formal action, such as a judicial, administrative, governmental, quasi-judicial, or other essentially formal activity or proceeding." <u>In re Paschal</u>, at 10-11. If no "action" was taken against the debtor's debts or property in the previous case, the stay should not automatically terminate thirty days from filing.

The court has no quarrel with Judge Small's decision in <u>In re Paschal</u> and will adhere to it. The stay will not automatically terminate pursuant to § 362(c)(3)(A), as there has been no evidence that any action was taken with respect to property or debts of the debtor before filing the current case. The debtor was not present at the hearing to present evidence of a substantial change in circumstance, so extension of the automatic stay based on those grounds is denied.

**So Ordered.**

**Dated: March 10, 2006**

J. Rich Leonard
United States Bankruptcy Judge